## IN THE UNITED STATES FEDERAL DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE MAURICIO CARRILLO RIVAS
3512 Jefferson Street
Hyattsville, MD 20782

    *Plaintiff,*

    v.

CHRISTOS BUILDING SERVICES, LLC
21441 Pacific Blvd.
Suite 115
Sterling, VA 20166

Serve: CT Corporation System
    Resident Agent
    1015 15th Street, N.W.
    Suite 100
    Washington, D.C. 20005

and

CHRISTOS SARANTIS
9804 Squaw Valley Drive
Vienna, VA 22182

    *Defendants.*

Civil Case No.: 1:18-cv-01563

## COMPLAINT

Plaintiff, Jose Mauricio Carrillo Rivas ("Plaintiff") hereby brings suit against Christos

Building Services, LLC ("CBS"), and Christos Sarantis ("Sarantis"), (collectively "Defendants")

and alleges as follows:

### INTRODUCTION

This action arises from Defendants' violations of Plaintiff's rights under the Fair Labor

Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); and the District of Columbia Minimum

Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"). Plaintiff brings this action to

recover unpaid, illegally withheld overtime and minimum wages, liquidated damages, attorneys' fees and litigation costs for Defendants' willful failure to pay him in accordance with the above statutes.

## JURISDICTION

1.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

2.     This Court has in *personam jurisdiction* over Defendants because they conduct business in the District of Columbia, because Plaintiff performed the work at issue in the District of Columbia and because the events giving rise to these claims occurred in the District of Columbia.

## THE PARTIES

1.     Plaintiff is an adult resident of Prince George's County, Maryland. From early May, 2015[1] to April 18, 2018, Plaintiff was employed by Defendants as a building services worker. In the three-year period prior to the filing of this complaint, Plaintiff worked for the Defendants exclusively at buildings located within the District of Columbia, including City Market at O apartments, and Cathedral Commons apartments. Defendants paid Plaintiff between $9.00 and $13.00 per hour during the time he was employed. Plaintiff was an employee of Defendants within the meaning of the DCMWRA based on the statutory definition of "employer" and the economic reality test.

---

[1] The limitations period is tolled because Defendants failed to provide the Plaintiff with the written notice required by the DCMWRA.  *See infra*, ¶¶ 11-13.

2.      CBS is a limited liability company formed under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. CBS does business in the District of Columbia. Specifically, it provides a wide range of janitorial and building maintenance services to owners of multi-housing and commercial properties, including properties located in the District of Columbia. CBS meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (s)(1), as: (1) it has either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) it has a gross volume of sales made or business done of not less than $500,000.00 (exclusive or excise taxes at the retail level that are separately stated).  CBS is also an employer of the Plaintiffs within the meaning of the FLSA and the DCMWRA based on the statutory definitions of "employer" and the economic reality test.

3.      Christos Sarantis is the owner of CBS. He is an "employer" of the Plaintiff within the meaning of the FLSA and the DCMWRA and the economic reality test because: (1) he is an owner of CBS; (2) he exercises operational control over CBS and is  involved in the operations of the business; (3) he had functional control over the terms and conditions of Plaintiff's employment, including compensation and pay practices; and (4) he had the ability to hire and fire the Plaintiff.

## STATEMENT OF FACTS

4.      Plaintiff has worked for Defendants full-time, as a building services worker, November 2014 to April 2018.

5.      Plaintiff performed janitorial work for CBS at the Cathedral Commons luxury apartments in Washington D.C. His duties included vacuuming, window washing, sweeping, dusting, emptying trash cans and performing other clean-up tasks in the building's common areas.

6.      Plaintiff spent 40 hours per week doing janitorial work for CBS. He worked 7 days

per week. During the weekdays, he worked from 3:00 p.m. to 7:00 p.m. with no lunch break and

on the weekends, he worked from 8:00 a.m. to 7:00 p.m. and took a one- hour lunch break.

7.      In 2015 and 2016, during a 6-month period beginning in late spring and ending in

late fall, Defendants assigned Plaintiff additional work watering flower beds and pots at a large

luxury apartment complex in D.C. – City Market at O luxury apartments. During these 6-month

periods in 2015 and 2016, in addition to his janitorial work, Plaintiff watered flowers Monday

through Friday from 6:30 a.m. to 2:30 p.m. and took a one-hour lunch break.

8.      Thus, in those weeks when Plaintiff performed watering work for the Defendants,

he typically worked 70 hours each week but was not paid at one and one-half times his regular

hourly rate for each hour over 40 that he worked in those workweeks.

9.      Instead, Defendants paid Plaintiff by payroll check (and made withholdings and

paid payroll taxes) for some of the time he worked and they generated pay stubs for these reported

hours. However, the pay stubs consistently understated the amount of money Plaintiff earned each

pay period and the number of hours he worked in the pay period because they did not report any

of the hours he worked over 40 in a week. In short, they were fraudulent. For the hours worked

over 40 in a week (the hours not reported on the pay stubs), Defendants paid Plaintiff in cash at a

rate between $9.00 and $10.00 per hour. Defendants never paid Plaintiff at a one and one-half

times his regular hourly rate for each hour over 40 that he worked in a work week and at times

paid him a rate that was below minimum wage.

10.     Plaintiff stopped working for Defendants on or about April of 2018.

## THE DC MINIMUM WAGE REVISION ACT NOTICE
## AND RECORD-KEEPING PROVISIONS

11.     The DCMWRA required Defendants to provide the Plaintiff with written notice of

the following, within 90 days of February 26, 2015 (no later than May 27, 2015): "The employee's

rate of pay and the basis of that rate, including: by the hour, shift, day, week, salary, piece, commission, any allowances claimed as part of the minimum wage, including tip, meal, or lodging allowances, or overtime rate of pay, exemptions from overtime pay, the employee's rate of pay and the basis of that rate." D.C. Code § 32-1008 (c)(4) and (d)(1)(A).

12.      Defendants failed, by May 27, 2015 or at any other time, to provide written notice to Plaintiff, for the time he worked watering the grounds of City Market at O Apartments, containing his rate of pay, the basis of that rate, the overtime rate of pay or whether he was exempt from the overtime provisions of the DCMWRA.

13.      Because Defendants failed to comply with D.C. Code § 32-1008 (c)(4) and (d)(1)(A), Plaintiff is entitled to an adverse inference against any statement or evidence provided by the employer as to Plaintiff's rate of pay, entitlement to overtime, or hours worked when he worked watering the grounds of City Market at O Apartments. D.C. Code § 32-1008 (d)(2).  In addition, as a result of the violation, the statute of limitations set forth in § 32-1308 (c) is tolled as of May 27, 2015, the date Defendants were required to have provided the required written notice to Plaintiff.  And, it continued to be tolled because Defendant never provided the notice. D.C. Code § 32-1008 (d)(3).

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

14.      Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

15.      During all times relevant to this Complaint, Plaintiff was an "employee" of all Defendants within the meaning of the FLSA.

16.      During all time relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the FLSA.

17.      Defendants violated the FLSA by knowingly failing to pay Plaintiff for hours

worked over 40 in a workweek at the correct overtime rate based upon the rates he was promised.

18.      Defendants' actions were willful as defined by the FLSA and were not undertaken in "good faith."

## COUNT II
## VIOLATIONS OF THE DCMWRA

19.      Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

20.      At all times relevant to this complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1002 (2).

21.      At all times relevant to this complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

22.      Plaintiff worked in excess of 40 hours per week, but Defendants violated § 32-1008 (c) by failing to pay him at one and one-half times his regular hourly rate for each hour worked over 40 in a work week.

23.      Defendants also failed to pay the Plaintiff minimum wage in violation of D.C. Code §32-1003 (a)(4) and (a)(5).

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Honorable Court grant him the following relief:

a.      Enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff, based on Defendants' violations of the FLSA, in the amount of the Plaintiff's respective unpaid wages and illegally withheld overtime wages, plus liquidated damages pursuant to 29 U.S.C. § 216(b);

b.      enter a judgment against all Defendants, jointly and severally, in favor of Plaintiff, based on Defendants' violations of the DCMWRA, in the amount of Plaintiff's unpaid and illegally

withheld overtime and minimum wages, plus and an additional amount as liquidated damages equivalent to three times the unpaid wages as liquidated damages;

c.     reasonable attorneys' fees and costs incurred in this action, including fees at the Adjusted Laffey Matrix rate, which is the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015);

d.     permanently enjoin Defendants from committing further violations of the FLSA, or the DCMWRA, including the record-keeping and notice requirements set forth in D.C. Code § 32-1008;

e.     deem the Defendants' failure to comply with the notice requirements of § 32-1008 (c)(4) and (d)(1)(A), weighing against the credibility of the Defendants' evidence in accordance with § 32-1008 (d)(2) and tolling the statute of limitations as of May 27, 2015 in accordance with § 32-1008 (d)(2); ands

f.     such other further relief as the Court may deem appropriate; and

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Telephone:    (301) 587-6364
Facsimile:     (301) 587-6308
*Attorneys for Plaintiff*