## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE MAURICIO CARRILLO RIVAS, | : |
| | : |
| Plaintiff | : |
| v. | : Civil Case No. 1:18-cv-01563 |
| | : |
| CHRISTOS BUILDING SERVICES, LLC, *et al.,* | : |
| | : |
| Defendants | : |

## JOINT STATEMENT FOR INITIAL SCHEDULING CONFERENCE

Plaintiff Jose Mauricio Carrillo Rivas, and defendants Christos Building Services, LLC and Christos Sarantis (collectively "the parties"), by counsel, and pursuant to Local Rule 16.3 have conferred and submit the following Joint Statement.  The parties state as follows:

**A.     AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE**

The parties' joint proposed pretrial schedule (see below).

**B.     MATTERS DISCUSSED BY THE PARTIES**

Aside from the below joint proposed pretrial schedule, the parties discussed the following:

   **1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The defendants anticipate filing a dispositive motion subsequent to the close of fact discovery (none has been filed yet).  The plaintiff does not anticipate filing a dispositive motion at this time.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The defendants do not anticipate adding or impleading any other parties. Given the defense of unauthorized work raised by defendants, the plaintiff may add additional party-defendants within a reasonable amount of time after the identity of such party-defendants is disclosed in discovery, but no later than November 30, 2018.

3.    **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to trial by Magistrate Judge.

4.    **Whether there is a realistic possibility of settling the case.**

At this time, the parties believe there is a realistic possibility of settling the case.

5.    **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree the case could benefit from mediation after conclusion of discovery but prior to the filing of defendants' anticipated motion for summary judgment, or even sooner if the circumstances so warrant.

6.    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The defendants state that the case may be resolved by their motion for summary judgment. As to the proposed dates filing, see the below joint proposed pretrial schedule.

7.    **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that they will not dispense with or modify initial disclosures.

8.   **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that the extent of, and dates for completion of, all discovery are provided in the proposed pretrial schedule below. The parties also anticipate providing a joint proposed protective order as to confidential information.

9.   **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties anticipate that discovery in this case will involve some electronically stored information. The parties have taken, and agree to continue to take, reasonable and appropriate steps to preserve potentially relevant electronic information in their possession, custody and control. The parties agree to address cooperatively the disclosure and production of electronically stored information, including, but not limited to, the form in which such data shall be produced, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information, during the document discovery process. Any unanticipated issues will be addressed as this case proceeds. The parties agree in principal to provide electronically stored information in native format unless cost prohibitive, then the parties agree to revisit the issue of the form of production. The parties agree to meet and confer further about electronically stored information discovery no later than September 20, 2018

10.  **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The undersigned counsel agree to take steps to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, and

will submit a Joint Stipulated Order Regarding Privilege and Non-Waiver Clawback Protocol pursuant to Fed R. Civ. P. 502(d).

11.     **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties agree that expert witness reports shall be exchanged. The parties agree to defer any expert disclosures and expert discovery to a time after summary judgement motions are resolved.

12.     **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable. The parties agree that this matter has not been pleaded as a class action, and that it will not become a class action.

13.     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this time, the parties agree that the trial and/or discovery should not be bifurcated or managed in phases.

14.     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the date for the pretrial conference is addressed in the below proposed pretrial schedule.

15.     **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set a trial date at the pretrial conference.

16.     **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, and other than what has been stated herein, the parties agree that there are no other matters they believe may be appropriate for inclusion in a scheduling order.

## C.   PROPOSED PRE-TRIAL SCHEDULE

In order to litigate the issues of this case in the most efficient manner, the parties jointly propose the following schedule.

| Event | Deadline |
|---|---|
| **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) completed by: | October 15, 2018 |
| **Joinder of Additional Parties and Amendment of Pleadings** | November 30, 2018 |
| **Fact Discovery – Interim Deadlines** | |
| Except for requests for admission and responses thereto, all fact discovery completed by: | March 15, 2019 |
| All requests for admission served by: | March 29, 2019 |
| Responses to requests for admission served by: | April 29, 2019 |
| **Final Fact Discovery Deadline** – All fact discovery, including responses to requests for admission, and other than expert discovery, must be completed by: | April 29, 2019 |
| **Dispositive Motion Deadlines:** | |
| Dispositive motions filed by: | June 28, 2019 |
| Oppositions to dispositive motions filed by: | July 30, 2019 |
| Replies to dispositive motions filed by: | August 20, 2019 |
| **Status Conference** | Shortly after disposition motion adjudication, TBD based on Court's availability. |
| **Expert Discovery** | TBD (if necessary) |

**Initial Pretrial Conference (if no expert discovery is needed)**          October 21, 2019, or TBD to be set at status conference at conclusion of fact discovery.

JOSE MAURICIO CARRILLO RIVAS,
By his attorneys,

CHRISTOS BUILDING SERVICES, LLC, and CHRISTOS SARANTIS,
By their attorneys,

/s/ Suvita Melehy
Omar Vincent Melehy
DC Bar No.: 415849
Suvita Melehy
DC Bar No.: 457435
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
smelehy@melehylaw.com

/s/ Geoffrey M. Bohn
Geoffrey M. Bohn (D.C. Bar # 463248)
Robert A. Battey (D.C. Bar #463978)
BOHN & BATTEY, PLC
P.O. Box 101685
Arlington, VA 22210
Tel:    (703) 599-7076
Fax:    (703) 842-8089
gbohn@bohn-battey.com
rbattey@gmx.com

DATED:   September 6, 2018

CHRISTOS BUILDING SERVICES, LLC, *et al.*

 /s/ Geoffrey M. Bohn
Geoffrey M. Bohn (D.C. Bar # 463248)
Robert A. Battey (D.C. Bar #463978)
BOHN & BATTEY, PLC
P.O. Box 101685
Arlington, VA 22210
Tel:    (703) 599-7076
Fax:    (703) 842-8089
gbohn@bohn-battey.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to defendants' counsel at the following:

Omar Vincent Melehy, Esq.
Suvita Melehy, Esq.
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
smelehy@melehylaw.com

 /S/ Geoffrey M. Bohn
Geoffrey M. Bohn

7